IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN M. KISTLER, JR., | : | CIVIL ACTION NO. **3:CV-10-0466** |
| | : | |
| Plaintiff | : | (Judge Caputo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| CHAD DOUGHERTY, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On March 2, 2010, Plaintiff, John M. Kistler, Jr., filed, *pro se*, this civil rights action pursuant to 42 U.S.C. § 1983, as well as §1985(2) and (3), against 19 Defendants. The Defendants included officials of the City of Scranton, such as the Mayor, and officials of Lackawanna County, such as the Commissioners, Judges and the District Attorney, as well as the City of Scranton and the PA Judicial Conduct Review Board. (Doc. 1). Plaintiff alleged that Defendants violated his constitutional rights. Plaintiff also asserted RICO claims against Defendants under 18 U.S.C. § 1961, *et seq.* Plaintiff further raised discrimination claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.* Plaintiff also asserted state law claims.

Plaintiff attached several exhibits to his lengthy 41-page typed Complaint. Plaintiff paid the filing fee. Summons was issued and provided to Plaintiff for service upon Defendants on March 2, 2010.

A Return of Service was filed on March 9, 2010, indicating that sixteen (16) Defendants were served on March 5, 2010. (Doc. 3).  Subsequently,  Returns of Service for the remaining Defendants were filed.  (Docs. 13, 41 and 65).[1]

On June 1, 2010, Judicial Defendants (*i.e.* Mackay, Geroulo, Harhut , Russell and the Board) jointly filed a Motion to Dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6), along with their support Brief.  (Docs. 54 and 55).

On November 17, 2010, we submitted a Report and Recommendation ("R&R") recommending that the Motion to Dismiss Plaintiff's Complaint against Defendants DA Jarbola and ADA Austria be granted based on prosecutorial immunity, and that these two Defendants be dismissed with prejudice.  We also recommended that the Court dismiss Plaintiff's RICO claims against Defendant ADA Austria with prejudice.

On December 7, 2010, we submitted an R&R recommending that the Motion to Dismiss Plaintiff's Complaint against the Judicial Defendants be granted and that these Defendants be dismissed with prejudice. (Doc. 111).  Further, since we found that all of Plaintiff's federal claims against these Defendants be dismissed, we recommended that the Court decline to exercise supplemental jurisdiction over all of Plaintiff's state law claims against these Defendants.

---

[1]The Court issued an Order directing Plaintiff to identify the Defendants John Doe 1 and John Doe 2 so that service could be made upon them.  (Doc. 19).  On April 30, 2010, Plaintiff identified Defendant John Doe 1 as Lackawanna County Deputy Sheriff DeLuccie, and the Court directed Plaintiff to serve this Defendant.  (Docs. 36 and 37).  On June 7, 2010, Plaintiff identified Defendant John Doe 2 as Deputy Sheriff Mark Novak, and the Court directed Plaintiff to serve this Defendant. (Docs. 62 and 64).

On January 13, 2011, we submitted R&Rs recommending that the Motion to Dismiss Plaintiff's Complaint of City Defendants and County Defendants be granted and that all these defendants be dismissed with prejudice. (Docs. 116 and 117).  For the City Defendants, we recommended that, since Plaintiff's federal claims against them should be dismissed, the court decline to exercise supplemental jurisdiction against these defendants for Plaintiff's state law claims.  Further, we recommended that for the County Defendants, at their request, all costs and attorneys' fees be denied.

On March 30, 2011, this Court issued Orders adopting all three above R&Rs.  (Docs. 133, 134, and 136).

On April 25, 2011, the only two remaining Defendants in the case, Ryan DeLuccie and Mark Novak, filed a Motion for Summary Judgment.  (**Doc. 156**), a Statement of Facts (SMF") (Doc. 157) containing Exhibits A, B and C, and a brief in support of their Motion for Summary Judgment (Doc. 158).   Plaintiff failed to file his opposition brief to Defendants DeLuccie and Novak's Motion for Summary Judgment and he failed to respond to Defendants' SMF.  Nor did Plaintiff request an extension of time to oppose Defendants' motion.

 As Plaintiff recognized in his Complaint, this Court has jurisdiction over this civil rights action pursuant to  28 U.S.C. §1331 and §1343.  (Doc. 1, p. 4).  Plaintiff also sought the Court to exercise its supplemental jurisdiction over his state law claims under 28 U.S.C. §1367.[2]

---

[2]As we previously noted, to the extent that Plaintiff claimed that Defendants committed various state and federal criminal violations (Doc. 1, p. 4), such claims are not proper in a §1983 civil rights action.   In a §1983 action,  the Court cannot grant as relief the initiation of a criminal prosecution.  Also, the Third Circuit has held that a private person could not impose criminal liability on a defendant since he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL

## II. Summary Judgment Standard.

A motion for summary judgment may not be granted unless the moving party is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56.  The court may grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits show that there is no genuine issue as to any material fact.  Fed.R.Civ.P. 56(c).  An issue of fact is "'genuine' only if a reasonable jury, considering the evidence presented, could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-694 (3d Cir. 1988) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).  A fact is "material" if proof of its existence or non-existence could affect the outcome of the action pursuant to the governing law.  *Anderson*,  477 U.S. at 248.  "Facts that could alter the outcome are material facts." *Charlton v. Aramus Bd. of Educ.*, 25 F. 3d 194, 197 (3d Cir.), *cert. denied*, 513 U.S. 1022 (1994).

The burden of proving that there is no genuine issue of material fact is initially upon the movant.  *Forms, Inc. v. American Standard, Inc.*, 546 F. Supp. 314, 320 (E.D. Pa. 1982), *aff'd mem.* 725 F.2d 667 (3d Cir. 1983).  Upon such a showing, the burden shifts to the nonmoving

---

1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).

As previously mentioned, Plaintiff alleged that Defendants engaged in criminal conduct, including Defendant Officer Dougherty's alleged conduct in illegally trespassing on Plaintiff's property without a warrant to issue Plaintiff a littering citation.  This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct  in a civil rights action under §1983.  *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10).  We recommended that, insofar as Plaintiff was deemed as seeking the Court to file criminal charges against Defendants, this request be denied.

party. *Id*. The nonmoving party is required to go beyond the pleadings and by affidavits or by "depositions, answers to interrogatories and admissions on file" designate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. *White v. Westinghouse Electric Company*, 862 F.2d 56, 59 (3d Cir. 1988). In doing so, the court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. *Id.*, *quoting Gans v. Mundy*, 762 F.2d 338, 340 (3d Cir. 1985), *cert. denied*, 474 U.S. 1010 (1985); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976) *cert. denied*, 429 U.S. 1038 (1977).

Under Rule 56 summary judgment must be entered where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celetox Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Moreover, the Third Circuit has indicated that "although the party opposing summary judgment is entitled to 'the benefit of all factual inferences in the court's consideration of a motion for summary judgment, the nonmoving party must point to some evidence in the record that creates a genuine issue of material fact,' and 'cannot rest solely on assertions made in the pleadings, legal memorandum or oral argument.'" *Goode v. Nash*, 2007 WL 2068365 (3d Cir. 2007)(Non-Precedential)(citation omitted).

Thus, "summary judgment is proper, when, viewing the evidence in the light most favorable to the non-movant, there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law." *Anderson v. General Motors*, 2009 WL 237247, *2 (3d Cir.)(citation omitted); *Page v. Trustees of Univ. of Pennsylvania*, 222 Fed. Appx. 144 at 145 (3d Cir. 2007) (the court must "view the facts in the light most favorable to the party opposing the [summary judgment] motion when making [its] determination."); *Burlington v. News Corp.*, 759 F.Supp. 2d at 589-90. "Material facts" are those which might affect the outcome of the suit. *Justofin v. Metropolitan Life Ins. Co.*, 372 F.3d 517, 521 (3d Cir. 2004).

## III.  Section 1983 Standard.

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements:  (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993); *Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051, *3 (M.D. Pa.). Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).[3]  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*. *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt,*

---

[3]Plaintiff alleged in his pleading that Defendants DeLuccie and Novak were Lackawanna County Sheriff Deputies. This is sufficient to show that these Defendants are state agents.

*supra.*  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

*See also Beattie v. Dept. of Corrections SCI-Mahanoy*, 2009 WL 533051,*3("a prerequisite for a viable civil rights claim is that a Defendant directed, or knew of and acquiesced in, the deprivation of a Plaintiff's constitutional rights.") citing *Rode, supra.*

## IV.  Allegations of Complaint.

Plaintiff raises 18 counts in his Complaint, all of which have been dismissed except the count against remaining the two remaining Defendants, Lackawanna County Sheriff Deputies DeLuccie and Novak.  Plaintiff raises his claims against Defendants DeLuccie and Novak in Count VII of his Complaint which spans pages 12-16 of the Complaint. (Doc. 1).

Plaintiff basically alleges that on September 1, 2007, Defendant City of Scranton Police Officer Chad Dougherty issued him a Non-Traffic Citation/Summons for littering on his (Plaintiff's) own property located at 816 South Webster Ave., Scranton, Pennsylvania.  (Doc. 1, Ex. 1).  Plaintiff alleges that Defendant Officer Dougherty illegally trespassed on his private property when the

officer served him with the Citation/Summons, and that this Defendant committed several criminal violations, including mail fraud when Defendant Officer Dougherty mailed the Citation to Defendant Magisterial District Judge Russell's office. Plaintiff also alleges the Defendant Officer Dougherty violated his Fourth Amendment rights protecting against illegal search and seizure by entering on his property to serve him with the littering Citation without his permission and without a warrant. (Doc. 1, Count I, pp. 5-6).

Plaintiff alleges that Defendant DMJ Russell found him guilty of the littering citation and imposed a fine on him as his sentence. Plaintiff filed a summary appeal with the Lackawanna County Court of Common Pleas regarding his littering conviction and Defendant Judge Geroulo presided over a trial on March 26, 2008. At the trial, Defendant Judge Geroulo found Plaintiff was in contempt of court for repeatedly interrupting the Court, despite his warnings to Plaintiff to stop, and the judge ordered Lackawanna County Sheriff Deputies Defendants DeLuccie and Novak to take Plaintiff into custody. Plaintiff alleges that he was injured by the Defendant Sheriff Deputies when they took him into custody and removed him from the courtroom for contempt of court, including injury to his torn rotator cuff. As mentioned, in Count VII, Plaintiff asserts his claims against Defendant Deputies DeLuccie and Novak, and he avers as follows:

> As the direct result of Judge Geroulo's order to the Sheriff's Deputies on duty, John Doe #1 [DeLuccie] and John Doe #2 [Novak], to grab and handcuff Plaintiff, Plaintiff sustained a complete tear in his left shoulder bicep (PHYSICAL INJURY) as well as other trauma as documented by an MRI conducted at NEPA Imaging Center.

(*Id.*, ¶15., pp. 12-13).

Plaintiff further avers that he was:

> physically assaulted by the deputies as "HE DID NOT RESIST" because he had
> previous medical history of injury to his left forearm and to his left rotator cuff
> as well as a previous injury to his right rotator cuff, and did not want to risk
> additional injury to himself. . .. Plaintiff informed the Deputies that he needed
> medical attention for his injury numerous times over the several hours of
> incarceration BUT was DENIED even a simple ice pack for the pain by his
> captors.

(*Id.*, ¶15, p. 14).

Plaintiff claims that after he was released, he was in no "physical or emotional condition to safely operate a motor vehicle and refused to leave the cell area except by ambulance." (*Id.*, ¶15, p. 15).   Plaintiff claims he has had excessive medical bills and expenses due to the injury created and aggravated by Defendants DeLuccie and Novak, as well as transportation costs as a result of being transported to the hospital and back to his vehicle at the parking garage after the incident.

Plaintiff seeks compensatory damages in the amount of $1 million for each claim and punitive damages in the amount of $500,000 for each claim against Defendant Deputies DeLuccie and Novak.[4]  (*Id.*, ¶15, p. 16).

---

[4]As we previously noted, to the extent that Plaintiff seeks monetary damages from state actor Defendants, he can only sue state actor Defendants in their individual or personal capacities.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *Meekins v. Beard*, 2007 WL 675358, *3 (M.D. Pa.); *Atwell v. Schweiker*, 2007 WL 2900565 (3d Cir. 2007) (Non-Precedential). Plaintiff also can only seek punitive damages as against state actor Defendants in their individual or personal capacities.  *See Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625 (1983).

**V. Statement of Material Facts**.

Defendants DeLuccie and Novak assert that the undisputed evidence demonstrates that they did not use excessive force against Plaintiff regarding the March 26, 2008 Contempt of Court incident and, that they were not deliberately indifferent to Plaintiff's medical condition regarding the March 26, 2008  incident in which Plaintiff alleges he was refused medical treatment for damage to his rotator cuff done by Defendants during his arrest.

As stated, Defendants properly filed their SMF with citation to the evidence  (Doc. 157), as required by Local Rule 56.1, M.D. Pa., which support their positions that the evidence shows they did not violate Plaintiff's Fourth and Fourteenth Amendment rights on March 26, 2008. (Doc. 157,  ¶'s 7.-14.).  Also, Defendants submitted exhibits with their SMF to support each one of their contentions.  (Docs. 157-1 through 157-3 ).  Plaintiff failed to file his paragraph-by-paragraph response to Defendants' SMF, and we afforded him with ample opportunity to do so.   Nor did Plaintiff submit any evidence to controvert the evidence of Defendants DeLuccie and Novak.

Since Defendants have properly filed their SMF in support of their Summary Judgment Motion (Doc. 157), as required by Local Rule 56.1 of M.D. Pa., and their facts are all properly supported by evidence, and since Plaintiff failed to properly respond to Defendants' SMF, we shall accept all of Defendants' facts contained in their SMF.  Further, none of Defendants' facts in their SMF are properly disputed by Plaintiff with citation to evidence.  Thus, we find that Plaintiff has not properly responded to Defendants' SMF as required by Local Rule 56.1, M.D. Pa.  *See Cyrus v. Laino*, Civil No. 08-1085, M.D. Pa.; *Cyrus v. Freynik*, Civil No. 08-2278, M.D.

10

Pa.; *Michatavi v. Martinez*, 2009 WL 5172962 (M.D. Pa.); *Hemingway v. Ellers,* 2008 WL 3540526 (M.D. Pa.); *Accolla v. U.S.*, 2009 WL 3625383 (M.D. Pa.), affirmed 2010 WL 763550 (3d Cir.)(court found that since Plaintiff inmate in civil rights action did not properly respond to prison staff Defendants' statement of facts as required by L.R. 56.1, M.D. Pa., Defendants' statement of facts were undisputed). Regardless of Plaintiff's failure to properly respond to Defendants' statement of facts, we accept Defendants' statement of facts since they are all supported by their evidence.  (Docs. 157-1 through 157-3).

We find that Defendants' undisputed evidence demonstrates that Deputies DeLuccie and Novak did not violate Plaintiff's constitutional rights regarding the March 26, 2008 incident.

**VI.  Discussion.**

Presently pending before the Court is Defendant Deputies DeLuccie and Novak's unopposed, Summary Judgment Motion, Doc. 156.  Plaintiff, as mentioned, failed to filed his paragraph-by-paragraph response to Defendants' SMF as he was obliged to do and as he was aware he was required to file.   We have sua sponte afforded Plaintiff additional time to file his opposition brief and response to Defendants' SMF.

In his Complaint, Plaintiff alleges that on March 26, 2008 Defendant Deputies DeLuccie and Novak used excessive force when they removed him from the county court room as ordered by Judge Geroulo while Plaintiff was attempting to assert his Sixth Amendment rights and question the charges against him. Plaintiff further alleges that, once in the Sheriff Department's holding cell, he was denied medical care and that, when he was released, he accrued multiple transportation and medical costs as a result of his injury.

11

The undisputed evidence shows that on March 26, 2008, during a summary appeal proceeding involving a citation against Plaintiff, Plaintiff was admonished by Judge Geroulo for interrupting the proceedings and speaking out of turn. (Doc. 157, Ex."A").  According to the undisputed Affidavit of Defendant Deputy DeLuccie, Judge Geroulo informed Plaintiff that if he spoke out of turn again that Plaintiff would be taken into custody.  Plaintiff did speak out of turn, and Judge Geroulo ordered Defendant Deputies to arrest Plaintiff.  Plaintiff told the Defendant Deputies that he suffered from torn rotator cuffs, and Defendant Deputy DeLuccie followed Judge Geroulo's directive to handcuff Plaintiff in the front.  On the way to the holding cell, Defendant Deputy DeLuccie asked if Plaintiff would like to be evaluated by an EMS and Plaintiff responded "I GUESS SO." (Doc. 157, p. 6).  Plaintiff was evaluated by an EMS and then stated that he would like to be evaluated further at the Community Medical Center.  Plaintiff was then escorted out of the Courthouse and transported to the Community Medical Center.  After speaking with Defendant Deputy Novak, Judge Geroulo stated for the record that no excessive force was used in the incident.  (Doc. 157, Ex. "B").

According to the undisputed, sworn testimony of Judge Geroulo,

> the sheriff came from behind and took [Plaintiff 's] arms in a very typical, standard way and started to put them behind him in order to cuff him, which would be the traditional method that sheriffs utilized.  And [Plaintiff] said I have a bad shoulder and I said, okay, stop, cuff him in front.  And [Plaintiff] left the courtroom.

(Doc. 157, Ex. "C", p. 5).

The judge further testified: "My recollection is that it was a minimal use of force and it was very typical of the manner in which sheriffs take individuals into custody.  I would not permit force beyond that which is required." (*Id.*, p. 6).  Finally, it is agreed by all parties that Defendant Deputy Novak never touched the Plaintiff.

A. *Excessive Force Claim*

The Defendants correctly recognize (Doc. 158, p. 16)  the standard governing excessive force claims in the course of an arrest, investigatory stop or other type of seizure as specified by the United States Supreme Court in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865 (1989).  The Defendants state (*Id*.) that, pursuant to *Graham*, excessive force claims are analyzed under the Fourth Amendment's objective reasonableness standard.  (*Id*.).  We concur with the Defendants that Plaintiff's claim alleging excessive force was utilized during his arrest falls under the Fourth Amendment, which protects against unreasonable seizures.  Thus, Plaintiff's excessive force claim must be considered under the Fourth Amendment's reasonableness standard.

"A claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable.  *Curley v. Klem*, 298 F.3d 271, 279 (3d Cir. 2002); *Rivas v. City of Passaic*, 365 F.3d 181 (3d Cir. 2004).  A seizure of the plaintiff occurs "[w]henever an officer restrains the freedom of [the plaintiff] to walk away."  *Tennessee v. Garner*, 471 U.S. 1, 7, 105 S.Ct. 1694 (1985).  In the present case, as discussed, the evidence shows that a seizure of the Plaintiff occurred on March 26, 2008, as he was handcuffed by Defendant Deputy DeLuccie and taken to the holding cell in the Sheriff's Department of the Courthouse, where he was held and EMS medical treatment was provided. Thus, the issue in our case is whether the seizure of the Plaintiff by Defendant Deputies was unreasonable.

The Third Circuit in *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004)[5] stated:

> An excessive force claim must be evaluated "from the perspective
> of a reasonable officer on the scene, rather than with the 20/20
> vision of hindsight" and "must embody the allowance for the
> fact that police officers are often forced to make split-second
> judgments -- in circumstances that are often tense, uncertain, and
> rapidly evolving -- about the amount of force that is necessary in
> a particular situation."  *Graham*, 490 U.S. at 396-97, 109 S.Ct. 1865.
> The inquiry turns on "objective reasonableness," meaning that the
> standard is whether the police officer's "actions [were] 'objectively
> reasonable' in light of the facts and circumstances" facing the
> officer, regardless of the officer's intent or motivation.  *Id.* at 397,
> 109 S.Ct. 1865.

In the context of a §1983 claim, as we are presented with in this case, there is a three-part test to be applied in determining the reasonableness of the force which was used.  The Defendants acknowledge this reasonableness test.  (Doc. 158, pp. 16-17).  The following factors are to be considered:

1.  "the severity of the crime at issue;"

2.  "whether the suspect poses an immediate threat to the
safety of the officers or others;" and

3.  "whether [the arrestee] is actively resisting arrest or attempting
to evade arrest by flight. "

*Graham,* 490 U.S. at 396, 109 S.Ct. at 1867.

The *Rivas* Court stated that:

> Additional factors include "the possibility that the persons subject
> to the police action are themselves violent or dangerous, the
> duration of the action, whether the action takes place in the context
> of effecting an arrest, the possibility that the suspect may be armed,

---

[5]*Rivas* is also found at 2004 WL 877645.

and the number of persons with whom the police officers must
contend at one time." *Sharrar v. Felsing*, 128 F.3d 810, 822
(3d Cir. 1997). The reasonableness of the use of force is normally
an issue for the jury. *See Abraham v. Raso*, 183 F.3d 279, 290
(3d Cir. 1999). While some courts "freeze the time frame" and
consider only the facts and circumstances at the precise moment
that excessive force is applied, other courts, including this one, have
considered all of the relevant facts and circumstances leading up to the
time that the officers allegedly used excessive force. *See, e.g.,*
*Abraham*, 183 F.3d at 291.

*Rivas*, 365 F.3d at 198.

The Defendants also correctly state that careful attention to the facts and circumstances of each

particular case must be given, including the aforementioned three factors. *Graham,* 490 U.S. at 396.

As we have discussed above, there are no material factual disputes in this case concerning the Plaintiff's

behavior prior to and during the arrest at issue. We need not reemphasize these facts since they are

not disputed and are fully discussed in Defendants' SMF and evidence. The record is not disputed that

Plaintiff was uncooperative, and he refused to yield to the Judge's orders in his courtroom. Defendants'

evidence shows  that  Plaintiff was clearly in contempt of court, and that the Deputies correctly

followed the judge's order to handcuff and remove Plaintiff from the courtroom. The Plaintiff has not

offered any evidence to dispute these facts and he has been afforded ample opportunity to do so.

Even when viewed in the light most favorable to the Plaintiff, the above stated facts do not

support the Plaintiff's claim that Defendants DeLuccie and Novak  used excessive force during the

Plaintiff's arrest. Defendant DeLuccie followed proper procedure, and obeyed the wishes of both

Judge Geroulo and the Plaintiff that the Plaintiff be handcuffed in the front instead of in the back.

Further, Defendants state that "the act of handcuffing itself was objectively reasonable because it was

in strict compliance with an Order from the Honorable Vito Geroulo." Additionally, as stated,  it is not

disputed that Defendant Deputy Novak never touched the Plaintiff.

In viewing the facts in a light most favorable to the Plaintiff, as we are required to do when presented with a summary judgment motion, we find that there are not any issues of material fact with respect to the Plaintiff's Fourth Amendment excessive force claim and that the Defendant Deputies used reasonable force under the circumstances of this case.  This finding is in favor of granting Defendants' request for summary judgment.  A jury simply could not find that the force used by Defendant DeLuccie on the Plaintiff was unreasonable in light of Defendants' undisputed evidence that DeLuccie followed the direct orders of Judge Geroulo and utilized only the amount of force necessary to arrest Plaintiff and take him into custody.

Defendants also properly state, according to *Rode*, *supra,*  that Defendant Deputy Novak is entitled to summary judgment because there is no evidence that he had any involvement or physical contact with Plaintiff while Plaintiff was being taken into custody, and this evidence, or lack of evidence, is undisputed.  *See Rode v. Dellaciprete*, 845 F.2d 1195 (3d Cir. 1988); *Santiago v Warminister Tp.*, 2010 WL 5071779, * 5 (3d Cir. 12-14-10).

Therefore, we shall recommend that Defendants' Summary Judgment Motion with respect to Plaintiff's Fourth Amendment excessive force against Defendant Deputies DeLuccie and Novak be granted.

*2. Claim of Denial of Proper Medical Care*

We find Plaintiff has failed to establish a cognizable constitutional claim for denial of proper medical care against Defendant Deputies DeLuccie and Novak.  As stated, Plaintiff was in contempt of court and detained by Defendants for a short period of time before being released.  Plaintiff simply

16

states that he was denied proper medical care while in the Sheriff Department's holding cell.

In *Tapp v. Proto*, 718 F.Supp. 2d 598, 616 (E.D. Pa. 2010), the Court stated that since the Plaintiff inmate was a pretrial detainee at the prison, his constitutional claims regarding the conditions of confinement and denial of proper medical care fell under the Fourteenth Amendment Due Process Clause. (citations omitted). Thus, since Plaintiff Kistler was a pretrial detainee at the time his denial of proper medical care claim arose, his claim should be examined under the Fourteenth Amendment's due process standard. *Id*. at 621-22; *Brown v. Deparlos*, 2011 WL 1158289, *4 (M.D. Pa. 3-28-11)(Court held that if Plaintiff inmate was a pretrial detainee, his constitutional claims had to be considered under the Fourteenth Amendment Due Process Clause rather than the Eighth Amendment)(citations omitted). As the *Tapp* Court stated, "most Third Circuit decisions analyzing pretrial detainee claims of inadequate medical care have used the Supreme Court's Eighth Amendment rubric set forth in *Estelle v. Gamble*, 429 U.S. 97, 105-06, 97 S.Ct. 285 (1976)."(footnote omitted). 718 F.Supp. 2d at 622; *Brown*, 2011 WL 1158289, *4. Thus, as in *Tapp* and *Brown*, we analyze Plaintiff's Fourteenth Amendment claim of improper medical care under the Eighth Amendment standard used to evaluate such claims.

In *Caldwell v. Luzerne County Corrections Facility Management*, 2010 WL 3191855, *7 (M.D. Pa.), the Court stated that the "Eighth Amendment prohibits cruel and unusual punishment, which includes the unnecessary and wanton infliction of pain by prison officials. The Eighth Amendment both restrains prison officials from applying excessive force against inmates, ..., and it imposes affirmative duties on prison officials to provide humane conditions of confinement, ... ." (internal citations omitted).

17

In *DeFranco v. Wolfe*, 2010 WL 2762968, *10 (3d Cir. 7-14-10), the Third Circuit stated:

> To demonstrate an Eighth Amendment violation, [the inmate] must show "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). We have interpreted this to mean that there are two prongs to the inquiry: (1) deliberate indifference on the part of prison officials; and (2) the prisoner's medical needs are serious. *Monmouth County Corr. Inst. Inmates v. Lanzaro,* 834 F.2d 326, 346 (3d Cir.1987); *accord Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999).
>
> Deliberate indifference is more than an "inadvertent failure to provide adequate medical care." *Estelle,* 429 U.S. at 105, 97 S.Ct. 285. It is more than mere negligence or medical malpractice without some more culpable state of mind. *Id.* at 106, 97 S.Ct. 285; *Rouse,* 182 F.3d at 197; *Lanzaro,* 834 F.2d at 346. For example, disagreement of professional opinion among doctors does not equal deliberate indifference. *Rouse,* 182 F.3d at 197; *Lanzaro,* 834 F.2d at 346. Instead, it requires "obduracy and wantonness ... [,] which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk." *Rouse,* 182 F.3d at 197 (citations omitted).

The Third Circuit further defined deliberate indifference in *Natale v. Camden City Correctional Facility*, 318 F.3d 575, 582 (3d Cir. 2003).  The Court held:

> A prison official acts with deliberate indifference to an inmate's serious medical needs when "he knows of an disregards an excessive risk to inmate health and safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. 825, 837 (1994).  Thus, a complaint that a physician or a medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment... ." *Estelle,* 429 U.S. 97.  Accordingly, a "medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice." *Id* at 107.  "[A]s long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990).  Further, a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990). In sum, negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a civil rights cause of action, and an inmate's disagreement with medical treatment is insufficient to

establish a "deliberate indifference." *See Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993).

*See also George v. PA DOC*, 2010 WL 936778, *5.

Further, "[n]egligent malpractice, standing alone, is not actionable under the Eighth Amendment." *Tapp*, 718 F.Supp. 2d at 622(citations omitted).

As the *Brown v. Deparlos* Court stated:

> Significantly, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference, and "mere disagreements over medical judgment do not state Eighth Amendment claims." *White*, 897 F.2d at 110. "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment." *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir.1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. *Estelle*, 429 U.S. at 105–06; *White*, 897 F.3d at 110.

2011 WL 1158289,*5.

It is an undisputed fact that Defendant Deputy Novak offered medical treatment to Plaintiff on the way from the courtroom to the holding cell. Further, after Plaintiff asked for continued medical treatment, transportation from the courthouse to the hospital was arranged. No deliberate indifference on the part of either Defendant is evident from the undisputed facts. Further, as stated in *Brown v. Deparlos*, Plaintiff's dissatisfaction with the care that was provided to him by Defendants is not enough to indicate deliberate indifference.

Based on the undisputed evidence, we shall recommend that Defendants' Summary Judgment Motion be granted with respect to Plaintiff 's denial of proper medical care claim against Defendant Deputies DeLuccie and Novak.

19

**VII.  Recommendation.**

Based on the foregoing, we respectfully recommend that Defendants' Motion for Summary Judgment (**Doc. 156**) be granted with respect to Plaintiff Kistler's remaining claims against Defendants DeLuccie and Novak.    We also recommend that Judgment be entered in favor of  Defendants DeLuccie and Novak and against Plaintiff Kistler.   Further, we recommend that this case be closed.

<u>s/ Thomas M. Blewitt</u>

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 6 , 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN M. KISTLER, JR.,               :      CIVIL ACTION NO. **3:CV:10-0466**
            Plaintiff               :
                                    :      (Judge Caputo)
        v.                          :
                                    :      (Magistrate Judge Blewitt)
CHAD DOUGHERTY, et al.,             :
                                    :
            Defendants              :

### NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **June 6 , 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the
> magistrate judge, making his or her own determination on the basis

of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: June 6, 2012**